**Timur V. DYKES, Petitioner—
Appellant,**

v.

**Robert O. LAMPERT, Respondent—
Appellee.**

No. 02–35860.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2004.

Submission Withdrawn March 2, 2004.

Resubmitted Oct. 19, 2004.

Decided Oct. 21, 2004.

Thomas J. Hester, Portland, OR, for Petitioner–Appellant.

Erika L. Hadlock, Salem, OR, for Respondent–Appellee.

Before: D.W. NELSON, KLEINFELD, and FISHER, Circuit Judges.

## MEMORANDUM *

Timur Dykes appeals the district court's denial of his 28 U.S.C. § 2254 amended petition for habeas corpus relief. The district court held that even though Dykes's amended petition was filed after the one-year statute of limitations for habeas relief expired, *see* 28 U.S.C. § 2244(d)(1), his newly added due process claim related back to the date of the original pleading under Federal Rule of Civil Procedure 15(c)(2). The court found against Dykes, however, on the merits of that due process claim. We review the denial of Dykes's habeas petition de novo. *Medina v. Hornung*, 372 F.3d 1120, 1124 (9th Cir.2004).

Dykes's original petition contained one claim based on his Fifth Amendment right to due process, and three based on his Sixth Amendment right to effective assistance of counsel. Dykes's original due process claim alleged that the trial transcripts were significantly altered, thereby hindering the preparation of appellate and post-conviction briefs. Dykes's amended petition added another due process claim alleging that his trial was rendered fundamentally unfair when the trial court permitted the state, over objection, to introduce inadmissible hearsay testimony about a rumor that he had sexually abused two of the boys accusing Dykes of sodomy and sexual abuse. Dykes appeals the denial of this claim only.

 In *Felix v. Mayle*, 379 F.3d 612 (9th Cir.2004), this court joined the Seventh Circuit in *Ellzey v. United States*, 324 F.3d 521 (7th Cir.2003), and held that under Rule 15(c)(2) "the proper 'conduct, transaction, or occurrence' in a habeas context is the trial and conviction under attack." *Id.* at 10859. Dykes's new due process claim therefore relates back to his initial petition under Rule 15(c)(2) because it arose out of the same trial and conviction as the claims set forth in his original pleading.[1]

The district court properly held, however, that Dykes's amended claim should fail. Generally, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)). Moreover, petitioners are not entitled to relief unless they can establish that the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).

 Even if the jury believed that Abraham Mick's improperly admitted hearsay testimony established the existence of a separate rumor circulating before Dykes's arrest, it is impossible to say

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** As the court noted in *Felix*, our decision in *Ford v. Hubbard*, 330 F.3d 1086 (9th Cir. 2003), has no precedential effect because it was vacated and reversed in *Pliler v. Ford*, —— U.S. ——, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004). *Felix*, 379 F.3d 612 n. 4.

that such testimony rendered the trial fundamentally unfair. Although the existence of such a rumor may have weakened Dykes's defense that the accusers fabricated the allegations, Dykes was still able to present a defense at trial based on other proof of the accusers' lack of credibility. Considering how much testimony there was of a far more direct sort, it is highly unlikely that the testimony about the rumor had any effect on the jury determination.

Furthermore, over the course of the six-day trial, the jury heard accounts of the abuse from the three accusers themselves. Two of their mothers also testified that after the disclosure of the abuse, some of the boys' behavioral problems subsided. Each of the examining physicians concluded that the accusers were victims of sexual abuse.

Whatever error may have occurred in introducing Mick's hearsay testimony was harmless in light of all the evidence. *Id.* at 638, 113 S.Ct. 1710. Therefore, the state court resolution of the case was neither contrary to, nor an unreasonable application of, clearly established federal law, and the district court did not err in ultimately denying the amended petition on the merits. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED. ISSUANCE OF THE MANDATE IS STAYED PENDING POSSIBLE FILING OF PETITION FOR WRIT OF CERTIORARI IN *FELIX* V. MAYLE,** 379 F.3d 612, 9th Cir., August 9, 2004.